UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY LEE JONES,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>        Defendant. | Case No.: 1:12-cv-1283- BAM<br><br>**ORDER VACATING AGENCY'S DENIAL OF BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS** |

## I.   INTRODUCTION

Plaintiff Roy Lee Jones ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") and disability insurance benefits ("DIB") pursuant to Titles II and XVI the Social Security Act.[1]  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.

Having carefully considered the parties' briefs as well as the entire record in this case, the Court finds the decision of the Administrative Law Judge ("ALJ") is not supported by substantial

---

[1]   Carolyn W. Colvin because the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit.

1

evidence in the record and based upon proper legal standards. Accordingly, the Court vacates the Commissioner's determination and remands for further proceedings consistent with this Order.

## FACTS AND PRIOR PROCEEDINGS

In early 2009, Plaintiff filed his current applications for SSI and DIB alleging disability beginning December 8, 2008. AR 18.[2] Plaintiff's applications were denied initially and on reconsideration. AR 18. Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). ALJ Patricia Leary Flierl held a hearing on April 15, 2011, and issued an order denying benefits on May 10, 2011. AR 15-22. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 1-3. This appeal followed.

**Hearing Testimony**

The ALJ held a video hearing on April 15, 2011 from Fresno, California. AR 31. Plaintiff appeared and testified in Bakersfield, California. AR 28. He was represented by attorney Charlie Darin. AR 29. Impartial Vocational Expert ("VE") Linda Ferra also testified. AR 29.

Plaintiff was forty-two years old at the time of the hearing. He has his GED and resides in an apartment in Bakersfield with his wife and two sons. AR 30. Before applying for benefits, Plaintiff worked as a janitor doing light grounds keeping and occasionally unloading trucks. AR 31. Plaintiff stopped working in 2008 because he was unable to complete a full work week due to his chronic obstructive pulmonary disease ("COPD"). AR 31.

When asked about his smoking and drinking habits, Plaintiff stated that he no longer smokes, quitting approximately 3 or 4 months before the hearing. AR 32. The ALJ noted that the record indicated that Plaintiff had a history of alcohol abuse, but Plaintiff stated that he only drinks, one or two days a week, if at all. AR 32.

Plaintiff testified he can walk 15-20 feet at one time before he has to catch his breath. AR 36. After walking a short distance he feels like, "someone's standing on [his] chest." AR 37. It takes him 25-30 minutes to make his bed because he often has to stop to catch his breath. AR 37. Plaintiff

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

2

testified he can wash half of the dishes in the sink and then he has to rest before he continues. AR 38. He lays down 2 or 3 times a day and becomes fatigued after sitting/standing for about 30-45 minutes. AR 39-41.   Plaintiff further testified that since 2009, he has had pain in the left side of his stomach, chest and back due to his pancreatitis.  He rates that pain as a constant eight or nine on the pain scale. AR 42-43.  Plaintiff testified that he takes pain medications daily but they do little to alleviate his pain. AR 43.  His breathing troubles are also exacerbated by outdoor conditions.  At one time, his doctor's recommended that he move away from the pollution in Kern County, but when he suggested that his only other option was to live in the Bay Area, his physicians advised against the move.  According to Plaintiff, his physicians told him that moving to the Bay Area would not improve any air quality concerns.  AR 45.

Thereafter, the ALJ elicited testimony of a vocational expert.  AR 47.  First, the VE was asked to assume a hypothetical worker with Plaintiff's education, background and work history that is limited to sedentary work activities, must avoid extreme temperatures, and can only stand/walk for fifteen minutes at a time with no climbing, kneeling, crouching, or crawling.  The VE indicated that this individual would not be able to perform Plaintiff's past relevant work.  However, the VE testified that individual could perform significant jobs as they exist in the national economy.  AR 47-49.  In a second hypothetical, the VE was asked to consider the same individual, but that person would need to take unscheduled breaks.  The VE stated that there were no jobs available for such an individual.  AR 48.

**Medical Record**

The entire medical record was reviewed by the Court.  AR 234-562.  The medical evidence will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard.  AR 15-22.  More particularly, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since December 8, 2008.  AR 15.  Further, the ALJ identified emphysema/chronic obstructive pulmonary disease ("COPD") and recurrent pancreatitis with splenic cyst as severe impairments.  AR 17.  Nonetheless, the ALJ

determined that the severity of the Plaintiff's impairments did not meet or exceed any of the listed impairments. AR 17.

Based on her review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to lift and carry 10 pounds occasionally and 10 pounds frequently. AR 17. Plaintiff must avoid extreme temperatures, and can only stand/walk for fifteen minutes at a time with no climbing, kneeling, crouching, or crawling. AR 18. The ALJ found that Plaintiff was unable to perform his past relevant work. AR 21. However, based on Plaintiff age, education, work experience, and RFC, the ALJ determined that significant jobs exist in the national economy that Plaintiff could perform. AR 21. The ALJ therefore found that Plaintiff was not disabled under the Social Security Act. *Id.*

## **SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405 (g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commission's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commission must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commission's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

## **REVIEW**

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has

lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

Here, Plaintiff argues that the ALJ erred in: (1) rejecting the testimony of his treating physician; and (2) assessing his credibility.

## DISCUSSION[3]

**1.    The ALJ Failed to Properly Weigh the Medical Evidence**

Plaintiff contends the ALJ failed to give specific and legitimate reasons for rejecting the opinion of his treating physician in favor of the non-examining physician's opinion. (Doc. 18 at 6). Plaintiff argues that the ALJ should have fully credited Mustaq Ahmed, M.D. because he is a treating physician with a board certification in pulmonology and because his opinion is consistent with the overall record. *Id.* at 15.

**A.    Legal Standard**

The medical opinions of three types of medical sources are recognized in Social Security cases: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

Generally, a treating physician's opinion should be accorded more weight than opinions of doctors who did not treat the claimant, and an examining physician's opinion is entitled to greater weight than a non-examining physician's opinion. *Id.* Where a treating or examining physician's opinion is uncontradicted by another doctor, the Commissioner must provide "clear and convincing"

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

5

reasons for rejecting the treating physician's ultimate conclusions. *Id*. If the treating or examining doctor's medical opinion is contradicted by another doctor, the Commissioner must provide "specific and legitimate" reasons for rejecting that medical opinion, and those reasons must be supported by substantial evidence in the record. *Id*. at 830-31; *accord Valentine v. Comm'r Soc. Sec. Admin*., 574 F.3d 685, 692 (9th Cir. 2009). The ALJ can meet this burden by setting forth a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

  **B.**  **The ALJ Failed to Provide Specific and Legitimate Reasons for Rejecting Plaintiff's Treating Physician's Opinion**

  Plaintiff contends that the ALJ improperly rejected Dr. Ahmed's opinion. This error is amplified according to Plaintiff because Dr. Ahmed was the only physician who conducted a personal examination and the only physician to provide specific opinions regarding his functional limitations as the record does not involve a consultative examiner. (Doc. 18 at 6). Plaintiff further contends that the ALJ's reliance on the non-examining state agency physicians was misplaced. Defendant counters that substantial evidence supported the ALJ's decision. (Doc. 19 at 10).

  In September 2008, Plaintiff was diagnosed with COPD and emphysema associated with tobacco use. AR 236. He was prescribed an inhaler, taken 2 to 3 times per day, sent for a chest x-ray and referred to Dr. Ahmed at San Joaquin Valley Pulmonary in April 2009 with complaints of pain with deep breaths; and exertional tachycardia. AR 236. A preliminary report showed that Plaintiff was a good patient, gave good effort and cooperation. Plaintiff was diagnosed with moderate obstructive airways disease, severe restriction and increased diffusion. AR 241.

  Plaintiff was followed by Dr. Ahmed at three month intervals beginning in April 2009. On October 14, 2009 and January 14, 2010, Dr. Ahmed noted that Plaintiff's chronic obstructive pulmonary disease ("COPD") was stable. Dr. Ahmed prescribed Chantix to help Plaintiff quit smoking. On April 22, 2010, Plaintiff presented with dyspnea, wheezing, and coughing without chest pain. On examination, Plaintiff's lungs were clear to auscultation in all fields, with no obvious accessory muscle use. AR 428. On December 9, 2010, Plaintiff told Dr. Ahmed that he was feeling well with no new complaints. He stated that he was not coughing, but still had rare wheezing and

limitation of activity. On November 2, 2010, Dr. Ahmed wrote a pulmonary source medical statement. AR 314-317.

In his statement, Dr. Ahmed opined that Plaintiff has the ability to sit for 20 minutes to 1 hour before needing to stand; can stand for 15 minutes to 1 hour; and can sit/stand/walk for less than 2 hours during an 8-hour work day. AR 315. Dr. Ahmed noted that Plaintiff would also need to take unscheduled breaks every 15 minutes that would last for 15 minutes. *Id.* Plaintiff is rarely capable of lifting less than 10 pounds and he should avoid all exposure to extreme heat, extreme cold, wetness, dust, chemicals, and the like. AR 316. Due to his symptoms, Plaintiff would be off-task 20 percent of the day and would be absent 2 days per month due to treatment. AR 317.

State agency medical consultants, Drs. Wahl and De la Rosa, opined that Plaintiff would need to avoid concentrated exposure to environmental irritants; but he could lift and carry 20 pounds occasionally and 10 pounds frequently; and could sit, stand, or walk for 6 hours in an 8-hour day. AR 243-247, 249, 311-313.

> The ALJ weighed the medical evidence as follows:
> As for the opinion evidence, some weight is given to the Medical Source Statement-Pulmonary of treating physician Dr. Ahmed to the extent that the functional limitations he addressed are consistent with the above residual functional capacity. However, his opinion that the claimant must avoid all exposure to any environmental irritants, that he is likely to be "off task" 20% of the time, should never climb, stoop, crouch, or balance, only rarely lift less than 10 pounds, sit for no more than 1 hour, stand for no more than 1 hour, sit, stand, and/or walk for less than 2 hours out of an 8 hour day and would need a break every 15 minutes due to extreme shortness of breath and dyspnea on exertion caused by his chronic obstructive pulmonary disease is not supported by his clinical notes of symptoms and physical exams. Indeed, a month after Dr. Ahmed filled out the form, the claimant told him he was not experiencing dyspnea or coughing, and had rare wheezing. Although the claimant continued to complain of activity limitations, they are not described in the notes.
>
> Some weight is also given to non-examining state agency medical consultants who opined that the claimant is able to lift and carry 20 pounds occasionally and 10 pounds frequently, sit, stand, and/or walk for 6 hours out of an 8-hour day, with pulmonary limitations. However, medical evidence of record submitted at the hearing level shows that the claimant is more disabled due to additional severe impairment not considered by them. I note that state agency medical consultant Dr. Bonner indicated that if claimant's pancreatitis and splenic injury with hemorrhage did not resolve completely, modification of the Physical RFC Assessment would be necessary. AR 20.

Accordingly, the ALJ rejected Dr. Ahmed's opinion because it was inconsistent with the medical evidence reported from one of many visits with Dr. Ahmed. AR 20. The ALJ, however, does not explain how Dr. Ahmed's medical source statement is inconsistent with his overall treatment history of Plaintiff. Dr. Ahmed noted that Plaintiff suffers from extreme shortness of breath. Dr. Ahmed also prescribed Plaintiff several medications to control his breathing including qvar, an asthma inhaler and combivent respimat, to treat his COPD. Dr. Ahmed also found moderate obstructive airway disease and x-rays depicted a possible pulmonary hemorrhage, which required lung surgery. AR 241, 366. On the other hand, at certain visits, Dr. Ahmed also opined that Plaintiff's lungs were clear to auscultation in all fields, with no obvious accessory muscle use and Plaintiff did not express new complaints. AR 428. While these findings may be construed as essentially normal, the findings also show abnormalities regarding Plaintiff's abilities.

The Ninth Circuit has "held that 'clear and convincing' reasons are required to reject the . . . doctor's ultimate conclusions." *Lester*, 81 F. 3d at 830 (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir.1988)). Further, if a doctor's opinion is contradicted by another doctor, the ALJ "may not reject this opinion without providing 'specific and legitimate reasons supported by substantial evidence in the record." *Id.* To reject a physician's opinion, the ALJ must provide an interpretation of the facts and conflicting clinical evidence, and make a finding based on that interpretation. *See Tommaset*ti, 533 F.3d at 1041. It is improper for the ALJ to set forth conclusions rejecting a doctor's findings without providing an interpretation of the facts. "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Embrey*, 849 F.2d at 421-22.

The Ninth Circuit has found that when a doctor's conclusions are not consistent with his own findings, that is a specific and legitimate reason for rejecting that opinion. *See Young v. Heckler*, 803 F.2d 963, 968 (9th Cir. 1986) (per curiam) (treating doctor's conclusory opinion that claimant was disabled was properly rejected by ALJ when it was internally inconsistent and not consistent with doctor's prior medical reports). However, the ALJ must explain how the findings are inconsistent. The ALJ need not recite the "magic words" of "I reject [a doctor's opinion] opinion about the onset date because . . ."; the court can draw reasonable inferences that exist from the ALJ's opinion,

8

provided that the ALJ "summarized the facts and conflicting clinical evidence in detailed and thorough fashion, stating his interpretation and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). Here, however, the ALJ did not summarize the conflicting clinical evidence leading to his own interpretation of the evidence. Instead, he merely indicates that Dr. Ahmed's opinion is not consistent with "his clinical notes of symptoms and physical exams." AR 20.

"To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim." *Embrey*, 849 F.2d at 421. Here, the ALJ asserts that Dr. Ahmed's findings of Plaintiff are inconsistent, but fails to explain *how* they are inconsistent with the overall evidence.

In one page of argument, the Commissioner's opposition presents a cursory discussion of how Dr. Ahmed's opinion was not consistent with his clinical examination; it identifies some of Plaintiff's purportedly normal findings—that he was feeling better and not experiencing frequent symptoms—and concluding that Dr. Ahmed's opinion is unsupported. (Doc. 19 at 11). The frequency and severity of Plaintiff's symptoms, however, was not articulated in the ALJ's decision. While the Court can draw reasonable inferences from the ALJ's opinion, *Magallanes*, 881 F.2d at 755, the Court cannot consider Defendant's post hoc rationalizations. The Ninth Circuit has repeatedly emphasized that the "bedrock principle of administrative law" is that a "reviewing court can evaluate an agency's decision only on the grounds articulated by the agency." *Ceguerra v. Sec'y of Health & Human Servs.*, 933 F.2d 735, 738 (9th Cir. 1991); *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (noting that a reviewing court is "constrained to review the reasons the ALJ asserts."). An agency's decision cannot be affirmed on the ground that the agency did not invoke in making its decision. *Pinto v. Massanari,* 249 F.3d 840, 847-48 (9th Cir. 2001).

The ALJ must carefully justify his or her views before rejecting the opinion of a treating doctor. Here, the ALJ simply stated that Dr. Ahmed's statements were not well supported by his clinical notes, but he provided virtually no discussion of that medical evidence. Indeed, the fundamental problem with the ALJ's opinion is that she simply asserts that the objective medical evidence from one visit does not support Dr. Ahmed's overall opinion. She does not discuss the

particulars of Dr. Ahmed's treatment history at all in conjunction with Plaintiff's overall limitations. The ALJ's interpretation of the facts, conflicting clinical evidence, and her findings based on the conflicting medical evidence are missing. *See Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). Therefore, the Court cannot conclude that the ALJ provided specific and legitimate reasons supported by substantial evidence for rejecting Plaintiff's treating physician's opinion.

The inadequacy of the evidence supporting the ALJ's opinion is magnified by the agency's failure to secure an independent assessment of Plaintiff's condition by an examining consultant physician. If the ALJ found Dr. Ahmed's treatment notes inconsistent with his opinions, she should have requested supplementary testing and examination. An ALJ "is not a mere umpire at [the administrative hearing], but has an independent duty to fully develop the record." *Higbee v. Sullivan*, 975 F.2d 558, 561 (9th Cir. 1992). He or she must "fully and fairly develop the record and . . . assure that the claimant's interests are considered.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001), *quoting Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996), and *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). Ambiguous evidence or a finding that the record is inadequate to allow proper evaluation triggers the ALJ's duty to initiate an appropriate inquiry, continuing the hearing if necessary. *Smolen*, 80 F.3d at 1288; *Armstrong v. Commissioner of Social Security Admin.*, 160 F.3d 587, 590 (9th Cir. 1998).

Finally, while the ALJ gave "some weight" to the non-examining physicians, she found that their assessment was flawed because "medical evidence of record submitted at the hearing level shows that the claimant is more disabled due to additional severe impairment not considered by them." AR 20. After rejecting Dr. Ahmed's opinion, the ALJ was left with no evidence other than the non-examining opinions, both of which presumably were based on Plaintiff's medical records. Presumably, the ALJ discounted the opinions of Plaintiff's treating physician and the non-examining physicians in favor of her own opinion based on the medical evidence. However, as a general rule, an ALJ may not reject a physician's opinion in favor of her own interpretation of the medical evidence; nor may she substitute her own judgment for that of a physician's. *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975); *Rohan v. Chater*, 98 F.3d 966, 970-71 (9th Cir. 1996). In such instances, remand is required for the ALJ to properly address the findings of the treating physician and the State agency

medical consultant.

The ALJ made conclusory statements without explaining the specific and legitimate reasons for rejecting certain findings. Thus, remand is appropriate. On remand, the ALJ should re-examine the medical evidence provided by Plaintiff's treating and non-examining physicians, explain her reasons for accepting and rejecting certain opinions, and further develop the record, if necessary.

## 2. The ALJ's Determination of Plaintiff's Credibility

Plaintiff next contends the ALJ failed to properly consider his credibility. Specifically, Plaintiff argues that the ALJ did not provide a single legally sufficient reason to reject his testimony and performed no credibility analysis at all. (Doc. 18 at 13). The Court agrees.

The Commissioner must make specific credibility findings, supported by the record. SSR 96-7p. To determine whether testimony concerning symptoms is credible, the Commissioner engages in a two-step analysis. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). First, the Commissioner must determine whether a claimant produced objective medical evidence of an underlying impairment "'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id*. at 1036 (*quoting Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). Second, if there is no evidence of malingering, an "ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen*, 80 F.3d at 1281; *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). General assertions that the claimant's testimony is not credible are insufficient. *See Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007). The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (*quoting Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). The Commissioner may consider several factors in weighing a claimant's credibility, including: (1) ordinary techniques of credibility evaluation such as a claimant's reputation for lying; (2) the failure to seek treatment or follow a prescribed course of treatment; and (3) a claimant's daily activities. *Tommasetti*, 533 F.3d at 1039; *Bunnell*, 947 F.2d at 346-47.

At the first step, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged. AR at 27. At the second step, the ALJ addressed Plaintiff's credibility in a single sentence, discounting it thusly: "claimant's statements

concerning the intensity, persistence and limiting effects of his symptoms were not credible to the extent they were inconsistent with the RFC assessment." AR 19.  This is not a clear and convincing reason supported by substantial evidence. *See Guardado v. Astrue*, No. 1:09-cv-01450-SMS, 2011 U.S. Dist. LEXIS 57725, 2011 WL 2144210, at *14 (E.D. Cal. May 31, 2011) ("This boilerplate language, used in nearly every hearing decision rejecting a claimant's request for benefits, falls far short of the standard required to reject a claimant's testimony as lacking credibility.").

Although the ALJ summarized portions of the medical evidence, she did not apply any of that medical evidence to an analysis of Plaintiff's credibility. AR at 27-28. As Plaintiff correctly notes, the ALJ "made no attempt to consider the testimony of Plaintiff in conjunction with the medical evidence," thereby failing to "make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." (Doc. 18 at 13); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002); *see also* Social Security Ruling ("SSR") 96-7p, 1996 SSR LEXIS 4 ("The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.").

The ALJ made several observations related to Plaintiff's smoking and alcohol abuse.  The ALJ observed that Plaintiff "agreed that he had a drinking problem."  "He admitted that he only stopped smoking 3 or 4 months ago although his doctors told him to do so regularly."  AR 18. "The claimant was told to quit smoking within the next 2 weeks and advised that drinking alcohol and associating with smokers were associated with relapse or failure."  Plaintiff's cardiologist discussed "diet, exercise, and need for smoking cessation…on August 24, 2009."  AR 19.  Plaintiff's treating physician, Dr. Ahmed, "again told [Plaintiff] to stop smoking."  AR 19.   Based on these statements, it is possible that, as Defendant argues, the ALJ made these factual findings because he found them relevant to the issue of Plaintiff's credibility; however, the ALJ does not say this, nor does she offer any hint of how such observations might relate to Plaintiff's credibility. Because the ALJ did not actually articulate any bases for discounting Plaintiff's credibility, this Court has no basis to conclude that the ALJ did not arbitrarily do so. *See Orn,* 495 F.3d at 630 ("We review only the reasons provided

by the ALJ . . . and may not affirm the ALJ on a ground upon which he did not rely."). The ALJ thus erred in discrediting Plaintiff's testimony. On remand, the ALJ is directed to consider Plaintiff's testimony in light of legally applicable standards.

## REMAND FOR FURTHER PROCEEDINGS

As a general rule, remand is warranted where additional administrative proceedings could remedy defects in the Commissioner's decision. *See Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000), *cert. denied*, 531 U.S. 1038, 121 S.Ct. 628, 148 L.Ed.2d 537 (2000); *Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984). In this case, remand is appropriate for the ALJ to: (1) adequately weigh the medical evidence relating to the consequences of Plaintiff's emphysema and COPD on his residual functional capacity and (2) reconsider Plaintiff's credibility in light of legally applicable standards.

Accordingly, **IT IS HEREBY ORDERED** that: (1) Plaintiff's request for remand is granted; (2) the decision of the Commissioner is reversed; and (3) this action is remanded to Defendant for further proceedings consistent with this Order.

IT IS SO ORDERED.

Dated:   **September 30, 2013**          /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE